839 P.2d 43

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Max BUTLER, Defendant–Appellant.**

No. 19727.

Court of Appeals of Idaho.

Sept. 30, 1992.

Petition for Review Denied Nov. 12, 1992.

Alan E. Trimming, Ada County Public Defender, Boise, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Kevin P. Cassidy, Deputy Atty. Gen., Boise, for plaintiff-respondent.

PER CURIAM.

Max Butler was convicted by a jury of aggravated assault for an incident in which he choked his girlfriend. The district court sentenced Butler to a five-year fixed sentence and retained jurisdiction. After a hearing the court relinquished jurisdiction and reduced the sentence to five years with two years' fixed period of confinement. Butler appeals from the order relinquishing jurisdiction, and we affirm.

As this Court stated in *State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App.1990):

The purpose of retaining jurisdiction after imposing a sentence is to afford the trial court additional time for evaluation of the defendant's rehabilitation potential and suitability for probation. The decision to place a defendant on probation or whether, instead, to release jurisdiction over the defendant is a matter within the sound discretion of the trial court. Absent an abuse of that discretion, the trial court's decision will be sustained.

*Lee,* 117 Idaho at 205–206, 786 P.2d at 597–598 (citations omitted).

The district court held a hearing to consider whether to relinquish jurisdiction. Prior to the hearing the court had considered the recommendation of the Department of Corrections recommending relinquishing jurisdiction. Although the Department had initially recommended probation, after a rebuttal hearing, that recommendation was reversed at the urging of the warden because of improper staffing of the committee which had issued the report after the rebuttal hearing. Additionally, the committee which had made the probation recommendation was unaware that Butler had been charged with attempting to run over his former girlfriend and a companion, after he had been released on his own recognizance while awaiting trial. The district court also considered Butler's PSI before determining to relinquish jurisdiction.

In making its decision to relinquish jurisdiction, the district court noted the necessity to protect society from the risk of harm to himself and to others posed by Butler's violent behavior. The district court rejected Butler's probation plan which did not include mental treatment in a secure facility and in a secure setting. The court rejected the plan presented by Butler which included treatment in a community-based outpatient treatment center as unreasonable due to the incident in which Butler attempted to run over his former girlfriend.

Butler claims that he is now incarcerated because he could not afford the type of treatment that the district court wished to see in his probation plan. Although it is regrettable that there are not inpatient programs available to those of lesser financial means, we are not convinced that the district court abused its discretion in relinquishing jurisdiction and in imposing a reduced sentence, because the court appropriately considered the need to protect society, which is always the paramount objective of sentencing, along with Butler's rehabilitative needs.

Accordingly, the district court's order relinquishing jurisdiction is affirmed.