776 P.2d 830
**Don R. CARTER, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 17340.**

Court of Appeals of Idaho.

July 5, 1989.

Craig D. Hobdey, Hobdey & Hobdey, Gooding, for petitioner-appellant.

Jim Jones, Atty. Gen. by Peter C. Erbland, Deputy Atty. Gen., Boise, for respondent.

BURNETT, Judge.

■ The question presented in this appeal is whether a criminal defendant must be advised, before pleading guilty to a felony, that a conviction could lead eventually to persistent violator status if the defendant commits one or more other subsequent felonies. We hold that such advice may be desirable, but it is not mandatory.

The issue is framed by the following facts. Upon his plea of guilty, Don Carter was convicted on two felony counts of issuing checks with insufficient funds. He later petitioned the district court for post-conviction relief, alleging that his plea had been involuntary for two related reasons: (1) he was not informed by the court that, if he later committed a third felony, he could be deemed a persistent violator under I.C. § 19–2514; and (2) he received ineffective assistance of counsel because his attorney similarly failed to so advise him. The district court dismissed the petition, and this appeal followed.

■ We first consider Carter's argument that his plea was involuntary because he did not understand all of its potential consequences. Carter relies upon I.C.R. 11. The rule provides that before a guilty plea can be accepted, the "defendant [must be] informed of the consequences of his plea, including minimum and maximum punishments, and other *direct* consequences which may apply." (Emphasis added.) Thus, the rule requires that the defendant be informed of "direct" consequences of a guilty plea, not collateral consequences. In our view, the future possibility of persistent violator status is a collateral, rather than direct, consequence of a guilty plea. In this case, only if Carter commits another felony will he be subject to the persistent

violator statute. This potential consequence is entirely within Carter's power to prevent. We decline to include such a contingent possibility among the "direct" consequences embraced by Rule 11. Our decision is consistent with the results reached in other jurisdictions where the same issue has been raised. *See, e.g., United States v. Campbell*, 778 F.2d 764 (11th Cir.1985); *People v. McKnight*, 200 Colo. 486, 617 P.2d 1178 (1980); *Chapel v. State*, 71 Or. App. 49, 691 P.2d 514 (1984); *State v. Hatch*, 156 Ariz. 597, 754 P.2d 324 (Ct.App. 1988).

Of course, it may be desirable to inform the defendant of any foreseeable, albeit indirect, consequence of a plea. Thus, in DUI cases, our Legislature has provided that the judge, at sentencing, must inform a defendant of the penalties that may be imposed for subsequent drunk driving convictions. However, Rule 11 does not impose a similar requirement in all criminal cases. Rather, it conforms to the minimum constitutional requisites for a voluntary guilty plea. *See, e.g., Brooks v. State*, 108 Idaho 855, 858, 702 P.2d 893, 896 (Ct.App. 1985) (defendant need not be informed of parole consequences). Those requisites were satisfied in this case.

 Carter next argues that his attorney's failure to inform him about the persistent violator statute constituted ineffective assistance of counsel. We acknowledge that a criminal defendant may challenge the voluntariness of his guilty plea by arguing that his counsel was ineffective. However, in order to prevail in such a challenge, the defendant must demonstrate that he was prejudiced as a result of an objectively unreasonable performance by the attorney. *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *see generally Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

We do not believe the performance of Carter's attorney was objectively unreasonable. Numerous jurisdictions have held that the Sixth Amendment contains no implied duty for an attorney to inform his client of collateral consequences of a guilty plea. *See, e.g., United States v. Campbell*, 778 F.2d 764 (11th Cir.1985); *State v. Garritsen*, 371 N.W.2d 251 (Minn.Ct.App.1985); *State v. Ginebra*, 511 So.2d 960 (Fla.1987); *Saadig v. State*, 387 N.W.2d 315 (Iowa 1986); *State v. Santos*, 136 Wis.2d 528, 401 N.W.2d 856 (Ct.App.1987). As the Court stated in *United States v. Campbell:*

> The interest at stake here is that of the defendant in obtaining "a general knowledge of the possible legal consequences of facing trial." [A]ctual knowledge of the collateral consequences of a guilty plea is not a prerequisite to the entry of a knowing and intelligent plea. Therefore, a defendant's lack of knowledge of those collateral consequences cannot affect the voluntariness of the plea.... Accordingly, counsel's failure to advise the defendant of the collateral consequences of a guilty plea cannot rise to the level of constitutionally ineffective assistance....

778 F.2d at 768 (citations omitted).

Accordingly, the district court's order, denying Carter's petition for post-conviction relief, is affirmed.

WALTERS, C.J., and SWANSTROM, J., concur.