801 P.2d 49

**Larry John JONES,**
**Petitioner–Appellant,**
**v.**
**STATE of Idaho, Respondent.**
**No. 17904.**

Court of Appeals of Idaho.

June 5, 1990.

Review Denied Dec. 13, 1990.

May & May Law Offices, Twin Falls, for petitioner-appellant. Thomas D. Kershaw, Jr., argued.

Jim Jones, Atty. Gen. by Jack B. Haycock, Deputy Atty. Gen., Boise, for respondent.

Before BURNETT * and SWANSTROM, JJ., and McKEE, J. Pro Tem.

PER CURIAM.

Larry J. Jones stands convicted of first degree burglary and escape. He has appealed from an order dismissing an application for post-conviction relief on both crimes. The issues before us are (a) whether the state breached a plea agree-

* This opinion was issued by the court prior to the resignation of Judge Burnett on July 16, 1990.

ment with Jones and (b) whether Jones received ineffective assistance of counsel. We affirm.

The facts are as follows. Jones and an accomplice were suspected of committing a series of burglaries in Twin Falls. After being arrested on an unrelated charge of auto theft (eventually dismissed), Jones and the county prosecutor entered a plea agreement concerning the burglaries. The agreement had two parts. First, in return for Jones' plea of guilty to one burglary, the prosecutor agreed not to file any additional burglary charges. Second, if Jones would cooperate with the state in testifying against his accomplice, the prosecutor would later reduce the single burglary charge to a charge of accessory to burglary, and the prosecutor would make no recommendation concerning a possible prison sentence on that charge.

After reaching this agreement, Jones entered his plea and was held at the Blaine County jail. During that time, he testified against the accomplice at a preliminary hearing. Before the accomplice's scheduled trial, however, Jones escaped from jail by climbing over a fence. His escape was of short duration—approximately five minutes—but it was sufficient to produce a criminal charge of escape, to which he also pled guilty.

The burglary and escape cases then were consolidated for sentencing. At the sentencing hearing, the prosecutor made a sentencing recommendation, urging a nine-year aggregate term of imprisonment for the burglary and escape. The district court ultimately imposed an indeterminate five-year term for the burglary and an indeterminate four-year term for the escape, to be served consecutively. No direct appeal followed. However, approximately one year later, Jones filed an application for post-conviction relief. He alleged that he should be allowed to withdraw both guilty pleas because the state breached the plea agreement on the burglary charge and because he received ineffective assistance of counsel on the escape charge. The application was denied after an evidentiary hearing. Jones appealed.

## A

We first examine whether the state violated the terms of the burglary plea agreement. Jones does not contend that the state breached the first part of the agreement, in which he pled guilty to a single burglary and the state refrained from filing any additional burglary charges. Rather, Jones contends that the state breached the second part—the leniency part—by failing to reduce the single burglary charge to one of accessory and by presenting a sentencing recommendation. The state counters that by the time of the sentencing hearing, the second part of the plea agreement already had been repudiated by Jones through his act of escaping from jail. We agree with the state.

When a convicted defendant seeks to withdraw a guilty plea, the issues are whether the plea was constitutionally valid—that is, whether it was entered knowingly, intelligently and voluntarily—and, if so, whether withdrawal of the plea nevertheless should be allowed as a matter of discretion. *State v. Ballard*, 114 Idaho 799, 761 P.2d 1151 (1988). With respect to the constitutional question, a plea may be deemed involuntary, and therefore invalid, if it is the product of a plea bargain which the state subsequently breaches. *See, generally, Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971); *State v. Hocker*, 115 Idaho 137, 765 P.2d 162 (Ct.App.1988); *State v. Rutherford*, 107 Idaho 910, 693 P.2d 1112 (Ct.App.1985).

Here, the state apparently kept its promise not to charge additional burglaries. Concededly, the state deviated from its agreement as to leniency, but its obligation to be lenient was premised upon Jones' cooperation in testifying against the accomplice. Jones plainly repudiated that part of the plea agreement by committing the new crime of escape which—if entirely successful—would have made him unavailable to testify. Moreover, although Jones was promptly apprehended, his commission of a new felony provided a possible additional basis to impeach his credibility as a witness. *See generally State v. Pierce*, 107

Idaho 96, 685 P.2d 837 (Ct.App.1984) (review denied).

In light of Jones' repudiation of the second part of the plea agreement, we hold that the state did not breach the agreement by failing to give Jones the leniency that he otherwise would have received. Therefore, we find no constitutional defect in the guilty plea.

■ The next question is whether the district court nevertheless should have allowed the plea to be withdrawn, as a matter of discretion. Jones did not seek to withdraw his plea until judgment and sentence had been entered. Consequently, he was not entitled to relief unless he could demonstrate that withdrawal of the plea was necessary "to correct [a] manifest injustice...." I.C.R. 33(c). No such injustice has been demonstrated here. The district court found that there was a sound factual basis for the plea. Its finding has not been challenged in this appeal. Neither do we find any oppressive conduct by the state in failing to show leniency after Jones committed the new crime. Therefore, we conclude that the district court did not abuse its discretion in denying Jones' request to withdraw his guilty plea on the burglary charge.

B

■ We now turn to the question of ineffective assistance of counsel. Jones seeks to withdraw his plea of guilty to escape because his counsel failed to strike a plea bargain on that charge. He further contends that the attorney did not tell him that if he pled guilty to escape, the state could use the escape to avoid performance of the second part of the burglary plea agreement.

Regarding counsel's alleged failure to negotiate a plea bargain on the escape, we note that criminal defendants have no general entitlement to such bargains. Jones has failed to point to specific errors made by his attorney or to explain how these errors damaged his chances of striking a bargain. Under *Estes v. State*, 111 Idaho 430, 725 P.2d 135 (1986), which requires both a demonstration of objectively unrea-

sonable performance by the attorney and a showing of resultant prejudice, we conclude Jones has failed to prove ineffective assistance of counsel.

■ We next consider the attorney's failure to inform Jones of the effect an escape conviction could have on the burglary plea agreement. It is well settled that a defendant is entitled to be informed of the direct consequences of his plea. *Carter v. State*, 116 Idaho 468, 776 P.2d 830 (Ct.App.1989). However, failure to inform of collateral consequences does not rise to the constitutional threshold of ineffective assistance of counsel. *Id.*

Here, it was the escape itself—not the plea of guilty to escape—that repudiated the second part of the burglary plea agreement and led to the state's nonperformance. In any event, the effect of the escape conviction upon the burglary plea agreement was a collateral, not a direct, consequence of the guilty plea to escape. The state's decision to discontinue performance under the second part of the burglary plea agreement was merely a contingent possibility when Jones pled guilty to escape. Thus, although discontinuance of the state's performance may have been a foreseeable event to follow Jones' guilty plea to escape, we do not believe it was a direct consequence. The failure of Jones' counsel to inform him of this possibility did not constitute ineffective assistance.

Accordingly, the district court order dismissing Jones' petition for post-conviction relief is affirmed.