834 P.2d 904

STATE of Idaho, Plaintiff–Respondent,

v.

Harold Dean LITZ, Defendant–Appellant.

No. 19212.

Court of Appeals of Idaho.

June 30, 1992.

Petition for Review Denied Aug. 26, 1992.

Alan E. Trimming, Ada County Public Defender, for defendant-appellant.

Larry EchoHawk, Atty. Gen. and Myrna A.I. Stahman, Deputy Atty. Gen., for plaintiff-respondent.

SWANSTROM, Judge.

After pleading guilty to felony driving under the influence of alcohol, I.C. §§ 18–8004, –8005(3), but before sentencing, Harold Litz filed a motion to withdraw his guilty plea. The district court denied the motion, rejecting Litz's contention that the state had breached the plea agreement. Following entry of a judgment of conviction, Litz appeals, contending that the court abused its discretion by refusing to allow withdrawal of the plea. We affirm.

On November 30, 1990, Harold Litz pled guilty to felony driving under the influence of alcohol. In exchange for Litz's plea, the state agreed to dismiss a charge of driving without privileges and to recommend a suspended sentence of one to three years, thirty days of jail time, suspension of his driving privileges for one year and a $1,000 fine. The state's recommendations were conditioned on Litz having no prior felonies. All of the terms of the negotiated plea agreement were entered into the record at the hearing on the entry of the guilty plea.

The district judge examined Litz about his plea of guilty. The court ascertained from Litz that he was aware of the charges against him and the possible punishment attached to those crimes. The court recited to Litz each of the rights which he would relinquish by pleading guilty. Finally, the court determined that there was a factual basis for the plea. Satisfied that the plea was being entered into knowingly, intelligently, and voluntarily, the court accepted Litz's plea of guilty. The district judge deferred sentencing pending receipt of a presentence investigation report and advised the defendant that the court was not bound by any of the parties' recommendations.

When the presentence report disclosed that Litz had a prior felony conviction on his record, the state responded by seeking a harsher penalty than the one offered in the plea agreement. The state again recommended a suspended sentence, but consisting of one to *five* years, *sixty* days in jail, a *three-year* license suspension, a $1,000 fine, and alcohol treatment. Litz contends on appeal that the state unfairly modified its sentencing recommendations, and accordingly, he should have been allowed to withdraw his guilty plea.[1]

Refusal of permission to withdraw a plea of guilty can be reviewed only as to the question of whether the trial court exercised judicial discretion as distinguished from arbitrary action. *State v. Jackson,* 96 Idaho 584, 532 P.2d 926 (1975), *citing State v. Raponi,* 32 Idaho 368, 182 P. 855 (1919). This discretionary standard of review was reaffirmed in *State v. Carrasco,* 117 Idaho 295, 787 P.2d 281 (1990). Generally such discretion should be exercised liberally. *State v. Howell,* 104 Idaho 393, 659 P.2d 147 (Ct.App.1983). In the case of a motion to withdraw a plea made before sentencing but after the defendant has read the presentence report, the court will exercise broad discretion, but may temper its liberality by weighing the defendant's apparent motive. *State v. Hocker,* 115 Idaho 137, 139, 765 P.2d 162, 164 (Ct. App.1988), *citing State v. Howell, supra.*

The transcript from the hearing on the entry of the guilty plea clearly reflects that "the [state's] offer was conditioned on the

---

1. Litz does not raise any other issues with respect to the judgment of conviction or sentence imposed by the district court. He received a five-year sentence, suspended on five-years' probation, a fine of $1,000 and suspension of his driving privileges for one year.

fact that Litz has no prior felonies and no more than two prior DUI's." In ruling on the motion to withdraw the plea, the district court concluded that Litz's motion was based upon his belief that the state would request a harsher plea in light of the felony conviction revealed in the presentence investigation. The district court found that reason insufficient to allow Litz to withdraw his guilty plea.

Litz argues that the just reason for seeking withdrawal of his plea was that he learned, only after the entry of his plea, that the state would not be bound by its sentencing recommendations because of the discovery of the prior felony. The state suggests, however, that Litz failed to accurately account for his arrests and criminal history in order to obtain a lesser sentence.

We are persuaded by the state's position. Furthermore, Litz's argument ignores the contractual nature of a plea agreement. The original sentencing recommendations continued in force until the discovery of Litz's prior felony conviction. *See State v. Ballard,* 114 Idaho 799, 804, 761 P.2d 1151, 1158 (1988). In our view, the district court correctly perceived that the state was exercising a right it had reserved in the plea agreement, not breaching the agreement. It is the conclusion of this Court that Litz has not met his burden of proving a "just reason" for the withdrawal of his plea. *Id.* Accordingly, it is unnecessary to address Litz' assertion that the state would not be prejudiced if he were allowed to withdraw his plea and proceed to trial.

We hold that the district court did not abuse its discretion in denying withdrawal of Litz's plea, and affirm the district court's order.

WALTERS, C.J., and SILAK, J., concur.