935 P.2d 162

Max BUTLER, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 22310.

Supreme Court of Idaho,
Boise, December 1997 Term.

April 1, 1997.

Kehne & Adams, Boise, for appellant. Rolf M. Kehne argued.

Alan G. Lance, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent. John C. McKinney argued.

McDEVITT, Justice.

This case involves a petition for post-conviction relief. Appellant requests relief from his conviction and sentence and entry of a conviction for only a misdemeanor or vacation of the judgment and sentence altogether. We affirm.

## I.

### FACTS AND PRIOR PROCEEDINGS

On November 8, 1990, a criminal complaint was filed against appellant Max Butler (Butler) alleging Butler committed the crime of aggravated assault, a felony pursuant to I.C. §§ 18–901(a) and 18–905(a). The November 8, 1990 criminal complaint, alleged that Butler attempted to commit a violent injury upon his former girlfriend with a deadly weapon or instrument without intent to kill, by using his hands to choke his former girlfriend around the neck while threatening to kill her.

On November 23, 1990, the magistrate judge entered a commitment stating that Butler would be held to answer to the district

court for the charge of unlawfully and with apparent ability, attempting to commit a violent injury upon his former girlfriend with a deadly weapon or instrument without intent to kill by using his hands to choke his former girlfriend around the neck while threatening to kill her.

Butler was convicted by a jury of aggravated assault, a felony pursuant to I.C. §§ 18–901(a) and 18–905(a). On May 20, 1991, the district court entered a judgment and commitment, sentencing Butler to the custody of the Idaho State Board of Correction for a fixed and determinate period of confinement of five years. On November 20, 1991, the district court reduced Butler's sentence to a fixed period of confinement of two years followed by an indeterminate period of custody of up to three years.

On December 27, 1991, Butler appealed the district court's November 20, 1991 order. On November 12, 1992, this Court denied appellant's petition for review of the Idaho Court of Appeal's decision which affirmed the district court's November 20, 1991 order. *See State v. Butler,* 122 Idaho 776, 839 P.2d 43 (Ct.App.1992).

Butler filed a petition for post-conviction relief pursuant to the Uniform Post-Conviction Procedure Act, I.C. §§ 19–4901 through 19–4911. Through newly appointed counsel Butler filed an amended petition for post-conviction relief. Butler's amended petition alleged that the district court lacked jurisdiction since the information failed to state a felony offense. Butler argued that he had ineffective assistance of counsel due to Butler's counsel's failure to raise on direct appeal the issue of whether hands could be a deadly weapon under I.C. § 18–905(a). Butler requested that the district court enter an order vacating the judgment of conviction

and sentence and enter an order directing the release of Butler.

The district court denied Butler's petition, ruling that pursuant to I.C. § 19–4901(b), Butler forfeited his right to raise the issue of whether hands could be a deadly weapon under I.C. § 18–905(a), by failing to raise the issue on direct appeal.[1]

Butler filed a motion for reconsideration arguing that the district court did not have jurisdiction and was committing fundamental error by sentencing Butler to the penitentiary for up to five years for a misdemeanor offense. The district court denied Butler's motion for reconsideration and application for post-conviction relief. Butler appealed to this Court.

## II.

### BUTLER'S APPEAL IS NOT MOOT

■ Butler testified that his full-term release date was January 1996. Butler has fully served the sentence that was given him on the conviction Butler now challenges. Butler's counsel contended during oral argument that Butler's petition for post-conviction relief is not moot. We agree.

Butler's amended petition for post-conviction relief requested the district court issue an order vacating the judgment of conviction and sentence and enter an order directing the immediate release of Butler. In Butler's appellate brief, Butler states that he "suffers continuing effects of a felony conviction" and that Butler "is entitled to relief from that conviction and sentence." In *Smith v. State,* 94 Idaho 469, 491 P.2d 733 (1971)[2], this Court held that even though the defendant had fully served his sentence, the questions raised in his petition for post-conviction relief were not moot. The *Smith* Court quoted the

1. Butler raised the issue of whether hands could be a deadly weapon under I.C. § 18–905(a) before the district court. The district court ruled that hands could be a deadly weapon under I.C. § 18–905(a).

2. We note that the holding in *Smith* was not overruled by the holding in *Kraft v. State,* 100 Idaho 671, 603 P.2d 1005 (1979). The Court's holding in *Smith* is distinguishable from the Court's holding in *Kraft.* In *Smith* the defendant

did not raise his post-conviction issues on direct appeal and the *Smith* Court addressed the issue of whether the defendant's issues were fundamental error. In *Kraft* the defendant raised the issue of ineffective assistance of counsel on direct appeal and the *Kraft* Court considered whether the doctrine of res judicata would bar the defendant from raising ineffective assistance of counsel in defendant's postconviction proceeding under the circumstances set forth in *Kraft.*

holding in *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), stating that a "criminal case is moot only if it is shown that there is *no possibility* that any collateral legal consequences will be imposed on the basis of the challenged conviction." *Smith*, 94 Idaho at 471, 491 P.2d at 735 (quoting *Sibron*, 392 U.S. at 57, 88 S.Ct. at 1899). In *Smith*, this Court recognized that under a statute in Nevada, defendant's conviction in Idaho could make him ineligible for parole. *Id.* This Court held that an adverse effect on an inmate's eligibility for parole is within the class of collateral legal consequences that removes a case from being determined moot. *Id.; see also State v. Alldredge*, 96 Idaho 7, 8, 523 P.2d 824, 825 (1974) (affirming the holding in *Smith*); *Calkins v. May*, 97 Idaho 402, 403–04, 545 P.2d 1008, 1009–10 (1976) (holding collateral legal consequences flowed from prison disciplinary action affecting terms of the prisoner's present and future restraint and possibly the petitioner's parol eligibility).

In *Schwartzmiller v. Winters*, 99 Idaho 18, 576 P.2d 1052 (1978), this Court recognized in a footnote that "because of the collateral consequences of a felony conviction, *e.g.*, Idaho Const. art. 6, § 3; I.C. § 32–603(6), the fact that appellant may have been released on parole before this opinion issued does not moot the case." *Schwartzmiller*, 99 Idaho at 19 n. 1, 576 P.2d at 1053 n. 1. The *Schwartzmiller* Court held that appellant's appeal from a felony conviction was not moot, despite the fact that appellant was scheduled for parole release, since defendant's parole could have been revoked, parole created at best a "conditional liberty interest," and a felony conviction has collateral consequences. *Id.*

We hold that a felony conviction has collateral consequences and the fact that Butler has fully served his sentence does not moot Butler's appeal.

### III.

### BUTLER'S CASE WAS FINAL WHEN *TOWNSEND* WAS DECIDED

Butler argues that the district court did not have jurisdiction to enter judgment of conviction for a felony and sentence Butler to the penitentiary for a misdemeanor offense. Butler's argument is premised upon the application of this Court's holding in *State v. Townsend*, 124 Idaho 881, 865 P.2d 972 (1993) (holding that hands, other body parts, or appendages may not by themselves constitute deadly weapons under the aggravated assault and aggravated battery statutes).

In *Fetterly v. State*, 121 Idaho 417, 825 P.2d 1073 (1991), this Court considered the defendant's second petition for post-conviction relief. The defendant/appellant in *Fetterly* argued that this Court should retroactively apply the holding in *State v. Charboneau*, 116 Idaho 129, 774 P.2d 299 (1989), that was released after the defendant's case was finally decided. The *Fetterly* Court held that while this Court applied *Charboneau* to cases that were still open for sentencing on the date *Charboneau* was released, the defendant's case in *Fetterly* was finally decided. *Fetterly*, 121 Idaho at 418, 825 P.2d at 1074; *see also Stuart v. State*, 128 Idaho 436, 438, 914 P.2d 933, 935 (1996) (noting that *Stuart* was finally decided when *State v. Tribe*, 123 Idaho 721, 852 P.2d 87 (1993), was issued, precluding retroactive application); *State v. Josephson*, 123 Idaho 790, 795, 852 P.2d 1387, 1392 (1993) (retroactively applying *Guzman* to all cases that were not final when *Guzman* was issued, including cases that were in progress in the trial courts).

■ On November 20, 1991, the district court entered an order dropping jurisdiction and amending Butler's sentence. On November 12, 1992, this Court denied Butler's petition for review of the Idaho Court of Appeal's decision which affirmed the district court's November 20, 1991 order. The remittitur in Butler's direct appeal was issued on November 12, 1992. On September 28, 1993, Butler filed a petition for post-conviction relief. On December 28, 1993, this Court decided *Townsend*. Butler's counsel stated during oral argument that Butler's case before the district court and Butler's direct appeal from the district court's decision was final at the time *Townsend* was

decided. *Townsend* does not apply to Butler's case.

## IV.

## BUTLER FAILED TO ESTABLISH THAT HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL

Butler argues that his attorney on direct appeal failed to provide him with effective assistance of counsel as guaranteed by the sixth amendment to the United States Constitution. In *State v. Higgins*, 122 Idaho 590, 836 P.2d 536 (1992), this Court recognized that a defendant claiming ineffective assistance of counsel under the sixth amendment to the United States Constitution "must show that counsel's representation fell below an objective standard of reasonableness" and that such representation was prejudicial. *Higgins*, 122 Idaho at 601, 836 P.2d at 547.

Prior to the *Townsend* decision, an instrumentality could have been considered a deadly weapon if it was capable of being used in a deadly manner and the evidence indicated that its possessor intended on that occasion to use it as a weapon. *Townsend*, 124 Idaho at 886, 865 P.2d at 977. While the *Townsend* Court recognized that the determination of whether an instrumentality constituted a deadly weapon was a "fact-sensitive determination," the *Townsend* Court held, for the first time, that the instrumentality must be apart from the human body. *Id.*

▮ Butler has failed to show that counsel's representation on direct appeal fell below an objective standard of reasonableness. Prior to the holding in *Townsend* and at the time Butler's direct appeal became final, precedent indicated that the decision as to what constituted a deadly weapon was a fact-sensitive determination to be made by the trier of fact. Butler's counsel's decision not to bring the issue of hands as a deadly weapon on direct appeal was reasonable. Butler was not denied effective assistance of counsel.

## V.

## CONCLUSION

We affirm the decision of the district court denying Butler's petition for postconviction relief.

TROUT, C.J., and JOHNSON, SILAK and SCHROEDER, JJ., concur.