960 P.2d 738

Michael BERG, Petitioner–Appellant,

v.

STATE of Idaho, Respondent.

No. 23663.

Supreme Court of Idaho,
North Idaho, April 1998 Term.

June 18, 1998.

G. Lamarr Kofoed, Fruitland, for Petitioner-Appellant.

Alan G. Lance, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for Respondent.

SCHROEDER, Justice.

Michael Berg appeals from the district court's summary dismissal of his application for post-conviction relief. Berg argues: (1) that the prosecutor breached the plea agreement, (2) that the sentence imposed by the district court was an abuse of discretion, and (3) that he was denied effective assistance of counsel.

## I.

### FACTS AND PROCEDURAL BACKGROUND

Berg pled guilty to one count of forgery and one count of delivery of a controlled substance. In exchange the State agreed to: (1) dismiss several misdemeanor charges, (2) recommend that Berg be released on his own recognizance pending sentencing, and (3) recommend a retained jurisdiction at sentencing.

The agreement did not require the district court to either impose the agreed upon sentence or allow Berg to withdraw the plea. The district court was free to impose whatever sentence appeared appropriate. Berg failed to appear at the sentencing hearing and the court ordered a bench warrant for his arrest. Berg eventually was found in California and extradited back to Idaho.

At the sentencing hearing held following Berg's return to Idaho, the prosecutor recommended a prison sentence without a retained jurisdiction. The district court imposed a unified six-year sentence with three years fixed for forgery and a concurrent unified five-year sentence with three years fixed for delivery of a controlled substance. Berg did not file a timely appeal, but later filed a petition for post-conviction relief alleging: (1) that the prosecution breached the plea agreement, and (2) that he was denied effective assistance of counsel.

At the summary disposition hearing on the petition for post-conviction relief, the district court held that the prosecution did not breach the plea agreement and that Berg was not denied effective assistance of counsel.

## II.

### STANDARD OF REVIEW

A post-conviction action is separate from the underlying criminal action and is civil in nature. *Mata v. State*, 124 Idaho 588, 591, 861 P.2d 1253, 1256 (Ct.App.1993). The applicant must prove by a preponderance of the evidence the allegation supporting his or her claim for relief. *Id.*; *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct.App. 1990). A claim for post-conviction relief will be subject to summary dismissal pursuant to section 19–4906 of the Idaho Code (I.C.) if the applicant has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof. However, if genuine issues of material fact exist that would entitle the applicant to relief if resolved in the applicant's favor, summary disposition is improper and an evidentiary hearing must be conducted. *Mata*, 124 Ida-

ho at 591, 861 P.2d at 1256; *Roman v. State,* 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App.1994). On appeal from a summary dismissal the question is whether the application, affidavits and other evidence supporting the application allege facts which, if true, would entitle the applicant to relief. *Nellsch v. State,* 122 Idaho 426, 431, 835 P.2d 661, 666 (Ct.App.1992).

## III.

## THE PROSECUTION DID NOT BREACH THE PLEA AGREEMENT.

▆▆ Berg asserted that the prosecutor breached the parties' plea agreement by recommending that he be sentenced to prison rather than recommending a retained jurisdiction. The State argued that the prosecution was not bound by the plea agreement because Berg breached the agreement when he failed to appear at the sentencing hearing. " '[A] defendant is constitutionally entitled to relief when the state breaches a promise made to him in return for a plea of guilty.' " *State v. Rutherford,* 107 Idaho 910, 913, 693 P.2d 1112, 1115 (Ct.App.1985) (quoting *United States v. Ocanas,* 628 F.2d 353, 358 (5th Cir.1980)). " '[W]hen the prosecution breaches its promise with respect to an executed plea agreement, the defendant pleads guilty on a false premise, and hence his conviction cannot stand.' " *Id.* (quoting *Mabry v. Johnson,* 467 U.S. 504, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984)). *See also State v. Ballard,* 114 Idaho 799, 761 P.2d 1151 (1988); *Mata,* 124 Idaho at 595, 861 P.2d at 1260; *State v. Litz,* 122 Idaho 387, 834 P.2d 904 (Ct.App.1992); *Jones v. State,* 118 Idaho 842, 801 P.2d 49 (Ct.App.1990). However, the defendant is also bound by the plea agreement. If the condition upon which the prosecution's promised sentencing recommendation was based fails, the prosecution is not obligated to perform the agreement. *Ballard,* 114 Idaho at 802, 761 P.2d at 1154; *Mata,* 124 Idaho at 595, 861 P.2d at 1260; *Litz,* 122 Idaho at 389, 834 P.2d at 906; *Jones,* 118 Idaho at 843–44, 801 P.2d at 50–51.

The record does not explicitly establish that the prosecution's promise to recommend a retained jurisdiction was contingent upon Berg's appearance at the sentencing hearing. However, the testimony from the pre-trial conference shows that Berg's agreement to plead guilty was partly induced by the prosecution's agreement to recommend that Berg be released upon his own recognizance:

> *Mr. Heersink:* Your honor, we have a plea agreement worked out and Mr. Christensen will correct me if I make any mistakes in this. Okay. Mr. Berg agrees to plead guilty to the forgery charge ... and the delivery of marijuana charge.... The State agrees to dismiss all the misdemeanors.... Mr. Berg agrees to pay restitution in an amount somewhere around $7,000 and no additional charges will be filed out of the—out of what the State seeks restitution for.
>
> . . . .
>
> Plus the State would make a maximum recommendation—recommendation of retained jurisdiction and will agree to an OR release [released on his own recognizance] on this charge so that defendant can go to Ada County and take care of some charges over there pending sentencing in this case.
>
> *Court:* All right, is that your understanding, Mr. Berg?
>
> *Mr. Berg:* Yes, sir, excuse me.
>
> *Mr. Heersink:* An OR on both cases, Your Honor, he just wanted to make that clear.
>
> . . . .
>
> *Court:* The Court will sign an order OR releasing the defendant from these charges so that he can be transported to Ada County. I assume that with the recommendation of a rider from the State under the circumstances here that the defendant doesn't want to make a foolish mistake and not show up.
>
> *Mr. Berg:* No, sir.

Furthermore, it was implicit in the agreement that Berg must appear at the sentencing hearing. To carry out the purpose of the agreement—a lighter sentence in exchange for a guilty plea—it was essential that Berg appear at the sentencing hearing to accept his sentence. Berg's failure to appear was a

clear attempt to avoid the sentence that he promised to accept when he entered into the plea agreement.

## IV.

### THE DISTRICT COURT'S SENTENCE WAS NOT AN ABUSE OF DISCRETION.

Berg argued that the sentence imposed by the district court was an abuse of discretion because it was unduly harsh. However,

[a] claim that a sentence is unduly harsh affords no basis for post-conviction relief if the sentence is otherwise legal. Post-conviction relief proceedings are designed to permit a challenge to an underlying conviction or to an *illegal* sentence; they are not intended as a means of pursuing a collateral attack upon the manner in which the trial court exercised its sentencing discretion.

*Brandt v. State,* 118 Idaho 350, 352, 796 P.2d 1023, 1025 (1990) (citations omitted). *See also Murray v. State,* 121 Idaho 918, 922, 828 P.2d 1323, 1327 (Ct.App.1992). The sentence imposed by the district court was within the statutory limits. The challenge is solely to the manner in which the sentencing judge exercised his discretion and does not present an appropriate issue for appellate review in post-conviction relief proceedings.

## V.

### BERG WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

■ To prevail on a claim of ineffective assistance of counsel, the claimant must show that his attorney's performance was deficient and that he was prejudiced by the deficiency. *Butler v. State,* 129 Idaho 899, 902, 935 P.2d 162, 165 (1997); *Aragon v. State,* 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish that the attorney's performance was deficient, the claimant has the burden of showing that his attorney's performance fell below the wide range of reasonable professional assistance. *Butler,* 129 Idaho at 902, 935 P.2d at 165. To establish prejudice, the claimant must show a reasonable probability that but for his attorney's deficient perfor-

mance the outcome of the proceeding would have been different. *Aragon,* 114 Idaho at 761, 760 P.2d at 1177.

■ Berg argued that he was denied effective assistance of counsel when his attorney failed to notify the prosecutor and the judge of the plea agreement at the sentencing hearing. However, Berg does not offer any proof that his attorney's performance fell below the standard of reasonableness.

Even if his attorney's performance was deficient in failing to point out the plea agreement, Berg cannot show that he was prejudiced by the deficiency. Berg conceded that "the Court was aware that an underlying agreement had been reached because it was placed on the record." Further, the district judge stated at the sentencing hearing that he had considered sentencing Berg to a retained jurisdiction, but decided against it for two reasons: "First, [Berg has] been in the penitentiary and that program really is to try and detour younger people—to detour them from going to the penitentiary and the other problem is that the fact you left and went to Tennessee. That disturbs me." Additionally, when the district judge granted summary dismissal of the post-conviction relief petition, he stated:

I'm quite sure that if the prosecuting attorney had stood up and said, "judge, we made an agreement that we will recommend a rider and so we are going to keep with that," ... I would not have considered that. Because at that point, the rider is to—is to make the person more likely to make probation. And when as in this case Mr. Berg splits and stays split, probation is not an option because if you put him on probation, he's gone.

Therefore, even if Berg's attorney had notified the district court of the plea agreement, the district court would not have utilized a retained jurisdiction.

■ Berg also argued that he was denied effective assistance of counsel because his former appellate attorney failed to file a timely brief. While it is true that Berg's attorney did not file a timely brief in this case, the court appointed a new attorney and afforded him additional time in which to file

the brief. The newly appointed attorney filed a timely brief. Therefore, Berg was not prejudiced by his former attorney's deficiency.

## VI.

### CONCLUSION

The district court's summary dismissal of Michael Berg's application for post-conviction relief is affirmed.

TROUT, C.J., and JOHNSON, SILAK and WALTERS, JJ., concur.