**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 37524**

| | | |
|---|---|---|
| **KATHERINE SMITH,** | ) | **2012 Unpublished Opinion No. 642** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: September 21, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Gregory M. Culet, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Sara B. Thomas, State Appellate Public Defender; Diane M. Walker, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Katherine Smith appeals from the district court's summary dismissal of her petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTS AND PROCEDURE**

In Smith's prior appeal, we described the circumstances of her convictions as follows:

The victim in this case owned an outdoor recreation store which employed Smith as an office manager. Over the course of Smith's one-year employment, she conducted a series of illegal transactions, forgeries, and thefts. Smith purchased several all-terrain vehicles (ATVs) and other equipment using her own in-house credit account. Smith then retained the equipment herself or sold it under the guise of it being her property without paying for the equipment. Smith often deleted any record of the transactions from her in-house account. Smith also deposited four company checks into her account which she authorized by forging the victim's signature on each check. Finally, an audit, completed after

1

Smith's termination, revealed the victim also suffered a significant cash shortage during Smith's employment.

Smith was charged with ten counts of grand theft. I.C. §§ 18-2403(1); 18-2407(1)(b). Pursuant to a plea agreement, Smith pled guilty to three of the counts and, in exchange for the dismissal of the other counts, agreed to pay restitution for all charged and uncharged criminal conduct against the victim. Smith was released on her own recognizance. Smith failed to appear on the date set for sentencing after having absconded to Alaska. The state located Smith in Alaska and extradited her to Idaho. Upon her return, Smith was sentenced to two concurrent unified terms of ten years, with minimum periods of confinement of two years, and a consecutive unified term of five years, with a minimum period of confinement of one year. Smith filed a Rule 35 motion, which the district court denied.

The district court initially ordered Smith to pay the victim restitution in the amount of $273,882.65. The order was subject to review and alteration after an evidentiary hearing. Subsequently, the district court ordered the retailer to submit an amended affidavit in support of restitution. The affidavit asserted the value of the equipment taken, less the items returned, plus the actual lost wages and out-of-pocket losses resulting from the criminal conduct equaled $118,396.14. After an evidentiary hearing, the district court ordered Smith to pay restitution in the amount of $100,296.84.

*State v. Smith*, 144 Idaho 687, 690, 169 P.3d 275, 278 (Ct. App. 2007) (footnote omitted).

Smith then filed a pro se petition for post-conviction relief alleging, among other things, a claim of ineffective assistance of counsel that, she contended, rendered her guilty pleas constitutionally infirm. On a motion by the State, the district court summarily dismissed this and other claims and, after an evidentiary hearing, denied Smith's sole remaining claim for relief. Smith appeals.

## II.

## ANALYSIS

Smith contends the district court erred when it summarily dismissed her claim of ineffective assistance of counsel. She contends that she established that her trial attorney coerced her to plead guilty by making false promises about a plea bargain and threatening that if she did not plead guilty, her former husband and her daughter would be charged with criminal offenses. Smith also alleges that she established that her attorney failed to determine whether she had any defenses to the charges before advising her to plead guilty. All of this, says Smith, makes a prima facie showing that her guilty pleas are constitutionally infirm as not knowing, voluntary, and intelligent, precluding summary dismissal.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do

3

not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

To prevail on an ineffective assistance of counsel claim, a petitioner must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). To establish a deficiency, the petitioner has the burden of

4

showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518.

Smith contends that three circumstances asserted in her petition establish that her guilty pleas were not made knowingly, voluntarily, and intelligently. She first alleged that her trial counsel "promised" that if she were to plead guilty the district court would give her a withheld judgment and place her on probation. However, as the district court observed, the transcript of Smith's change of plea hearing disproved her allegations, for it shows that she knew her counsel's alleged sentence assurances could not be relied upon. First, there was no plea agreement stated on the record that required a withheld judgment and suspended sentences, and the State did not agree to recommend such a sentencing disposition. In response to questioning by the court, Smith acknowledged that each count carried a maximum sentence of fourteen years' imprisonment, that the sentences could be consecutive and that the district court could sentence her to the maximum if it saw fit. When the district court asked her if she expected to be placed on probation Smith answered: "No." Thus, Smith's allegation that she was led to believe she would be placed on probation is disproven by the record. Additionally, after pleading guilty, Smith failed to appear on the date set for sentencing and absconded to Alaska, forcing the State to arrest her again and extradite her back to Idaho. As a result, she could not have reasonably relied upon any expectation of a lenient sentence that she allegedly held when she entered her guilty plea.

Smith next asserts that her counsel was ineffective because he allegedly represented that if she did not plead guilty, her husband and daughter would be charged with criminal offenses. These allegations do not demonstrate either deficient performance of her counsel or prejudice. First, Smith made no evidentiary showing that counsel's alleged statement was not true. That is, she has not shown that the State did not intend to or could not have prosecuted her family members. Moreover, when an alleged deficiency involves counsel's advice in relation to a guilty plea, "to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, [s]he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In her petition, Smith did

5

not allege that she would not have pleaded guilty and would have insisted on going to trial but for the alleged deficient performance of counsel. *Id.* at 60. Finally, to obtain relief on a claim that an attorney provided deficient representation in connection with a guilty plea, "a petitioner must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, ___ U.S. ___, ___, 130 S. Ct. 1473, 1485 (2010). Smith has not done so. She has not demonstrated that a decision to reject the plea agreement would have been rational had counsel not made the alleged statement. First, she has not shown that she had even a colorable defense to the charges that could have been presented if she had gone to trial. Second, she received a significant benefit from the plea agreement in that seven felony charges were dismissed and she was released on recognizance pending sentencing. For the foregoing reasons, Smith's allegations, even if true, are insufficient to demonstrate a right to relief for ineffective assistance of counsel on this ground.

Finally, Smith alleges that her counsel was ineffective because, before advising her to plead guilty, he failed to review the "discovery" packet of "evidence" she provided him at the time he was retained and determine whether this information provided "legal defenses" to the charges against her. This claim is merely an assertion that defense counsel "failed to investigate" the case; she provided no evidentiary detail regarding what the packet of evidence contained, nor has she shown that any legal defenses could have been established by this unknown information. Thus, even assuming deficient performance, Smith has not presented evidence that she was prejudiced by the alleged deficiency. *See Cooke v. State*, 149 Idaho 233, 246, 233 P.3d 164, 177 (Ct. App. 2010).

Smith has not demonstrated that the district court erred in summarily dismissing her claims that her defense counsel provided ineffective assistance. Therefore, the district court's judgment dismissing these claims for relief is affirmed.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**