**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41453**

| | | |
|---|---|---|
| ABEL DANIEL HIDALGO VIALPANDO, | ) | 2014 Unpublished Opinion No. 698 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: August 27, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Abel Daniel Hidalgo Vialpando, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Daphne J. Huang, Deputy Attorney General, Boise, for respondent.

_____

Before GUTIERREZ, Chief Judge; LANSING, Judge;
and GRATTON, Judge

_____

PER CURIAM

Abel Daniel Hidalgo Vialpando appeals from the judgment of the district court summarily dismissing his petition for post-conviction relief. For the reasons that follow, we affirm.

Vialpando pled guilty to burglary, and in exchange for his guilty plea, the State dismissed a persistent violator allegation. The trial court sentenced Vialpando to a unified sentence of five years, with two years determinate, but retained jurisdiction. Shortly after Vialpando entered into the rider program, Idaho Department of Correction staff recommended relinquishment of jurisdiction. The trial court relinquished jurisdiction, and Vialpando filed an Idaho Criminal Rule 35 motion for reduction of his sentence, which the district court denied. Vialpando appealed, arguing in part that the court erred by denying his Rule 35 motion, and we affirmed in

1

*State v. Vialpando*, Docket No. 39976 (Ct. App. Mar. 27, 2013) (unpublished). Subsequently, Vialpando filed a petition for post-conviction relief, and the State answered and filed a motion for summary dismissal. The district court granted the State's motion for summary dismissal, and Vialpando appeals.

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *State v. Payne*, 146 Idaho 548, 561, 199 P.3d 123, 136 (2008); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Although Vialpando raises several issues in his appellate brief, his petition for post-conviction relief only stated two issues: one contending that the trial court should have appointed him counsel at his Rule 35 hearing and the other contending the trial court should have permitted Vialpando to be present at his Rule 35 hearing.[1] The scope of post-conviction relief is limited. *Knutsen v. State*, 144 Idaho 433, 438, 163 P.3d 222, 227 (Ct. App. 2007). A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue that was or could have been raised on appeal may not be considered in post-conviction proceedings. *Id.*; *Mendiola v. State*, 150 Idaho 345, 348-49, 247 P.3d 210, 213-14 (Ct. App. 2010). In this case, the two issues raised by Vialpando's petition could have been raised on direct appeal from the order denying Vialpando's Rule 35 motion. *See State v. Wade*, 125 Idaho 522, 523-26, 873 P.2d 167, 168-71 (Ct. App. 1994) (considering Wade's argument on direct appeal that the court erred by denying his request for appointment of counsel); *State v. James*, 112 Idaho 239, 242, 731 P.2d 234, 237 (Ct. App. 1986) (considering in a direct appeal whether James's constitutional rights were violated when he was denied permission to be present at the Rule 35 hearing). Because neither of Vialpando's issues may be raised in a petition for post-conviction relief, his petition was subject to summary dismissal. Accordingly, the district court's judgment summarily dismissing Vialpando's petition for post-conviction relief is affirmed.

---

[1] We do not consider the other issues raised in the appellate brief because they were not presented in the petition for post-conviction relief before the district court. *See Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991) (explaining that, generally, issues not raised below may not be considered for the first time on appeal).