**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 42802**

| | | |
|---|---|---|
| JEFFREY E. THIES, | ) | **2016 Unpublished Opinion No. 446** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: March 22, 2016** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| STATE OF IDAHO, | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Jeffrey E. Thies, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Judge

Jeffrey E. Thies appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Thies was charged with trafficking in methamphetamine, Idaho Code § 37-2732(a); misdemeanor possession of a controlled substance, I.C. § 37-2732(c); possession of drug paraphernalia, I.C. § 37-2734A; concealment of evidence, I.C. § 18-2603; and two counts of injury to a child, I.C. § 18-1501(1). Thies filed a motion to suppress evidence and following a hearing, the district court denied the motion. Thies was convicted on all of the charged offenses and was sentenced to fifteen years with three years determinate for trafficking in methamphetamine and was given concurrent jail sentences on the remaining charges. Thies appealed the district court's decision on his motion to suppress and this Court affirmed in *State v.*

1

*Thies*, Docket No. 38869 (Ct. App. Dec. 4, 2012) (unpublished). Thies then filed a petition for post-conviction relief alleging that his counsel was ineffective. The district court summarily dismissed the petition, concluding that Thies had failed to allege or present facts demonstrating that he was prejudiced by his counsel's allegedly deficient performance. Thies timely appealed.

**II.**

**ANALYSIS**

Thies claims that his counsel was ineffective with respect to his motion to suppress. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

In his post-conviction petition, Thies alleges that the district court erred in dismissing his petition for post-conviction relief. Thies' argument, in its entirety, reads:

> The district court emphasizes the latter of the two (2) prong test in *Strickland v. California*, and *Idaho v. Mitchell* cited in it's Order Dismissing Petition as it pertains to prejudice. (order dismissing petition, p. 6, line 16-19). It should be obvious to the court that ineffective assistance of counsel in a hearing on a motion to suppress evidence is for all extents and purposes prejudicial. Therefore, the appellant-petitioner cannot derive any other conclusion than ***no evidence equates to no conviction***.

A party waives an issue on appeal if either authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Similarly, I.C. § 19-4906 authorizes summary

dismissal of an application for post-conviction relief if the applicant "has not presented evidence making a prima facie case as to each essential element of the claims upon which the applicant bears the burden of proof." *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998). Thies has failed to provide this Court with any evidence that his attorney's performance was deficient and has given the Court no more than a conclusory allegation that he was prejudiced by his counsel's deficient performance. Thies has failed to meet his burden of providing evidence, authority, or argument to establish a prima facie case.

## III.

## CONCLUSION

Thies has failed to present evidence of a prima facie case for each element of an ineffective assistance of counsel claim and has not provided the necessary authority or argument to support his claim of ineffective assistance of counsel. We affirm the judgment of the district court summarily dismissing Thies' petition for post-conviction relief.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.