## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 38349

| | | |
|---|---|---|
| **MICHAEL C. WILLIAMS,** | ) | **2012 Unpublished Opinion No. 724** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: November 15, 2012** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Jon J. Shindurling, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP, Boise, for appellant. Deborah A. Whipple argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

GRATTON, Chief Judge

Michael C. Williams appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTS AND PROCEDURE

Williams and his brother, Doug, exited a bar to return home. Upon exiting, Doug entered into a dispute with some other men, while Williams opened his pickup door and sat down inside. After learning of the dispute, one of the men, Chris Adams, broke a beer bottle on the ground and began to walk towards Williams. A verbal altercation ensued, and Williams produced a gun and shot Adams three times in the chest, killing him.

Williams was charged with first degree murder, with a deadly weapon enhancement. The jury found him guilty of voluntary manslaughter, Idaho Code § 18-4006(1), with a deadly weapon enhancement, I.C. § 19-2520. The district court imposed a unified thirty-year sentence

1

with a twenty-five-year determinate term of confinement. Williams filed an Idaho Criminal Rule 35 motion for reduction of the sentence which the district court denied and this Court affirmed. *State v. Williams*, Docket No. 33019 (Ct. App. Aug. 16, 2007) (unpublished).

Williams then filed a petition for post-conviction relief alleging, among other claims, ineffective assistance of defense counsel. Upon the State's motion for summary dismissal, the district court dismissed all claims except one claim of ineffective assistance of counsel arising from defense counsel's failure to move to suppress evidence that was allegedly obtained through a *Miranda*[1] violation. Williams timely appeals, contending that summary dismissal of his post-conviction petition was improper.

## II.

## ANALYSIS

### A. Ineffective Assistance of Counsel

Williams alleges that his defense counsel provided ineffective assistance by abandoning the theory of self-defense, and thereby conceding his guilt to voluntary manslaughter. The State claims the record demonstrates that defense counsel did present self-defense and, therefore, did not concede guilt to voluntary manslaughter.

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to

3

relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

A claim of ineffective assistance of defense counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Hughes v. State*, 148 Idaho 448, 451, 224 P.3d 515, 518 (Ct. App. 2009). To prevail on an ineffective assistance of defense counsel claim, the defendant must show that the attorney's performance was deficient and that the defendant was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish a deficiency, the applicant has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Hughes*, 148 Idaho at 451, 224 P.3d at 518. To establish prejudice, the applicant must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Hughes*, 148 Idaho at 451, 224 P.3d at 518. This

4

Court has long adhered to the proposition that tactical or strategic decisions of trial defense counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).[2]

Williams alleges that defense counsel was deficient by failing to present self-defense despite his requests to pursue a complete acquittal based on those grounds. The district court found no deficiency existed based on the conclusion that the presentation of defenses was a tactical and strategic decision. The district court stated:

---

[2] Williams argues for the application of the presumption of prejudice under *United States v. Cronic*, 466 U.S. 648 (1984). He claims that his defense counsel's deficiency of conceding guilt to voluntary manslaughter should be subject to the presumption of prejudice. In limited circumstances, prejudice from ineffective assistance may be presumed. *See Florida v. Nixon*, 543 U.S. 175, 190 (2004); *Cronic*, 466 U.S. at 658-62. In *Cronic*, the United States Supreme Court explained that prejudice may be presumed in "circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." *Cronic*, 466 U.S. at 658. The Court articulated three such circumstances: (1) where there is a "complete denial" of defense counsel at a critical stage of trial; (2) where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing"; and (3) where, "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate." *Id.* at 658-60. *See also Bell v. Cone*, 535 U.S. 685, 686 (2002); *Workman v. State*, 144 Idaho 518, 525-26, 164 P.3d 798, 805-06 (2007); *Zepeda v. State*, 152 Idaho 710, 713-714, 274 P.3d 11, 14-15 (Ct. App. 2012). The State alleges that the application of *Cronic* was not raised below, and therefore is not properly before this Court. In his petition, Williams never asserted that his ineffective assistance of counsel claim should be subject to a presumption of prejudice. Instead, Williams argued that defense counsel's ineffective assistance was subject to the *Strickland* two-prong test. Williams' petition refers to a case for the proposition that: "trial counsel abandoned defendant's only defense which was inherently prejudicial where counsel conceded only factual issue . . . deprived petitioner effective assistance of counsel and due process, thus no showing of prejudice was necessary" (omission in original). Williams' petition attributes this language as a direct quote from *United States v. Swanson*, 943 F.2d 1070 (9th Cir. 1991); however, no such quotation is found in that case, though the case does discuss the *Cronic* presumption. Nonetheless, this language is not specifically associated with a claim of abandonment of self-defense, but rather a claim that defense counsel failed to physically describe the victim and investigate the victim's violent history. Even if the citation to *Swanson* were sufficient to raise the issue, the issue was never further discussed or argued before the district court. Accordingly, when making a ruling on the failure to present self-defense, the district court applied *Strickland* rather than *Cronic*. There is no ruling from the district court regarding the applicability of the *Cronic* presumption. For these reasons, this Court will not address the application of a presumption of prejudice.

5

> Williams claims that he requested that [defense counsel] present a theory of self-defense. [*Defense counsel*] *did not present this theory*; instead she appears to have sought to primarily defeat the charges of first and second degree murder, which she did successfully.
>
> [Defense counsel's] decision not to focus on the defense of self-defense falls within the area of tactical decisions. Additionally, Williams admitted to the police that he was not afraid of Adams. With that admission available to the State, it was reasonable for [defense counsel] not to pursue the affirmative defense.

(emphasis added) (citations omitted). Williams argues that the district court made an unassailable finding that defense counsel did not present a theory of self-defense. Williams relies on the statement of the district court highlighted above to satisfy the deficiency prong. On the other hand, the State contends that, notwithstanding the statement by the district court, trial counsel did present self-defense. We determine that the statement by the district court "[defense counsel] did not present this theory" is not supported by the record.

The record demonstrates that defense counsel did present the theory of self-defense. During opening statements, defense counsel discussed certain facts that could potentially establish the elements of self-defense. These facts included: the victim made threatening statements; the victim was within wingspan of Williams' vehicle; and the victim grabbed and scratched Williams' neck. During cross-examination, defense counsel elicited testimony related to self-defense, including that the victim and his friends followed the Williams brothers "with the intent of kicking their asses"; that the victim was so close to the vehicle that Williams could not shut the door; that Williams might have told the victim, "[y]ou got the wrong guy"; and that Williams told one of the officers that he felt threatened when he heard someone shout, "get your gun." On direct examination, defense counsel elicited testimony from Williams that the victim threatened to kill him; that he was in fear of death and great bodily harm; that he told the victim "you've got the wrong guy, please stop"; that the victim said "I've got something for you," and lunged towards him; and that even after he was shot, the victim grabbed Williams by the collar.

The district court gave a self-defense instruction. During closing statements, the prosecutor went through the self-defense instruction and told the jury that Williams did not act in self-defense. Defense counsel did not reread the self-defense instruction during her closing statement, but did discuss with the jury that certain of the elements of self-defense were satisfied, but it was for the jury to determine whether Williams' actions were reasonable under the

6

circumstances. Williams specifically argues on appeal that counsel's failure to tell the jury why Williams' actions were reasonable was deficient performance. However, defense counsel argued several times during her closing statement that Williams defended himself: "[u]nfortunately, [victim] did get someone who could defend themselves"; "[y]ou've got an individual that's approaching another individual threatening to kill him, and another man taking out a weapon to protect himself"; "[d]o I run the risk of receiving serious bodily injury or maybe even death for myself, or do I defend myself like is [sic] my right under the law"; "[b]ut you put yourself in Mr. Williams' situation, and can you say beyond a reasonable doubt that what Mr. Williams did that day in defending himself was wrong? I don't think you can do that." These arguments have no direct bearing on voluntary manslaughter, which Williams asserts counsel was admitting.

In the district court, Williams argued a whole host of criticisms in regard to counsel's presentation of a self-defense claim. On appeal, Williams specifically relies on seven points to demonstrate that self-defense was not presented at trial. We are not persuaded that these seven points demonstrate a failure to present self-defense. First, Williams argues that defense counsel conceded guilt to voluntary manslaughter during opening and closing statements. During her opening statement, defense counsel argued that "the State has not met its burden with regard to first-degree murder." Contrary to Williams' claim, this statement is not a concession of guilt. Opening statements serve to inform the jury of the issues of the case and briefly outline the evidence each litigant intends to introduce to support his or her allegations or defenses, as the case may be. *State v. Griffith*, 97 Idaho 52, 56, 539 P.2d 604, 608 (1975); *State v. Priest*, 128 Idaho 6, 13, 909 P.2d 624, 631 (Ct. App. 1995). Defense counsel's statement was not a concession of Williams' guilt to voluntary manslaughter or an abandonment of self-defense, but was simply a statement to inform the jury that the State would be unable to prove that which it sought to prove. During her closing statement, defense counsel argued that Williams' actions were in the "heat of passion and a sudden quarrel," which do relate to manslaughter. Nevertheless, she also argued self-defense as noted above. As defense counsel's statements do not expressly concede guilt to voluntary manslaughter, and as the record demonstrates that self-defense was in play throughout the trial, Williams' assertion that self-defense was not presented is incorrect. Second, Williams argues that defense counsel should have called Doug as a witness to corroborate his self-defense claim. The record demonstrates that Doug's testimony would not have contributed any additional evidence to the trial, but instead would have been largely

7

repetitive. Further, any testimony by Doug regarding his fear or his perception of a threat is not germane to Williams' state-of-mind. Third, Williams argues that defense counsel should have called Casiko Saunders to the stand to testify that Adams threatened Williams. Williams failed to provide an affidavit or any other evidence regarding Saunders' potential testimony. Fourth, Williams argues that defense counsel should have produced evidence that Adams and his friends had a history of violence. However, Williams concedes that there is no supporting materials and no admissible evidence to demonstrate that Adams and his friends actually had histories of violence. Fifth, Williams argues that defense counsel should have produced a toxicology report showing Adams' ethanol level. Williams argued below that such a report would have supported his claim that Adams continued to walk towards him after being shot the first and second time. Now, Williams argues that the report would have shown that Adams' aggression and dangerous behaviors *could* have been magnified by his intoxication level. Again, Williams provides no evidence, in the form of expert opinion or otherwise, to support his claim. Sixth, Williams argues that defense counsel should have impeached Detective Bench's testimony. The record demonstrates that defense counsel impeached Detective Bench's testimony concerning the threat perceived by Williams and the manner in which Williams held the gun. Seventh, Williams argues that defense counsel should have objected to the State's closing argument because it contained references to inadmissible evidence. The State's closing argument included statements that Williams kept a loaded firearm in his truck and that he was waiting for an opportunity to shoot someone albeit in self-defense. The district court found that admissible evidence was presented to the jury to support the inferences made by the State. The State presented evidence that "Williams kept a loaded firearm in his truck, that he shot Adams though Adams presented no serious threat to him, and that he continued to shoot Adams after Adams was not advancing on him." As detailed above, none of these seven points would have materially supported Williams' claim of self-defense. Therefore, defense counsel's alleged failure to pursue these points does not constitute a failure to present self-defense.

Based on the foregoing, we determine that defense counsel presented the theory of self-defense. As a result of our determination, Williams is unable to establish that defense counsel acted deficiently. Therefore, his ineffective assistance of counsel claim fails.

**B.     Constitutional Rights Claim**

Williams alleges that the district court should have analyzed his claim not only as an ineffective assistance of counsel claim, but also as a denial of his constitutional rights. He alleges that defense counsel's alleged abandonment of self-defense denied him his fundamental constitutional rights to a jury trial, to hold the government to its burden of proof, to present evidence in his own defense, and to due process. The State claims that this argument fails because: (1) defense counsel did not abandon self-defense; and (2) even if self-defense was abandoned, Williams' petition pled his claim as an ineffective assistance of counsel claim and not a direct constitutional violation.

Williams points to two cases--*DeRushé* and *Barcella*--to support his claim. He alleges that:

> [r]eading *DeRushé* and *Barcella* together, the lesson is that when a post-conviction petitioner alleges errors by counsel in denying the petitioner fundamental constitutional rights, such as the right to testify, which counsel cannot waive on behalf of the defendant, the District Court must analyze the question, upon a motion for summary dismissal, not merely by the *Strickland* standard, but also by the standard of whether the fundamental constitutional right was improperly denied.

Williams incorrectly construes the case law. In *DeRushé*, the petitioner pled that his counsel violated his right to testify by not calling him as a witness after he expressed his desire to exercise that right. *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). The petition never pled ineffective assistance of counsel, yet the district court analyzed the claim as such. *Id.* The Supreme Court held that the district court improperly analyzed the claim as an ineffective assistance of counsel claim and should have analyzed the claim as a denial of constitutional rights. *Id.* In *Barcella*, this Court clarified the *DeRushé* holding as follows:

> *DeRushé* . . . does not stand for the proposition that a claim of ineffective assistance of counsel regarding the right to testify must also be analyzed as a direct constitutional violation. It certainly does not stand for the broad proposition that any time a claim of ineffective assistance of counsel is pled the district court must also address any potential underlying constitutional violation independently. Rather, . . . the Supreme Court's concern [was] that the district court had not analyzed the claim that was alleged in that case.

*Barcella v. State*, 148 Idaho 469, 476, 224 P.3d 536, 543 (Ct. App. 2009).

9

Here, Williams' petition included broad allegations of ineffective assistance of counsel regarding constitutional rights. His petition for post-conviction relief, objection to motion for summary judgment, and responsive brief all frame the asserted abandonment of self-defense as an ineffective assistance of counsel claim. The claim was pled and argued consistently in the district court as ineffective assistance of counsel, as opposed to a direct constitutional claim. The district court appropriately analyzed the claim as an ineffective assistance of counsel claim. As held in *Barcella*, the district court need not analyze the claim under both the ineffective assistance of counsel standard and the denial of constitutional rights standard.

## C.    Dismissal of Williams' Other Claims

Williams alleges that he raised six claims in his petition that were not addressed by the district court. These claims are: (1) whether post-conviction relief should be granted because the State withheld exculpatory evidence including a ballistics report and exculpatory witness statements, *Brady v. Maryland*, 373 U.S. 83 (1963); (2) whether counsel was ineffective in failing to conduct pretrial investigation as to blood splatter and gunpowder residue evidence; (3) whether counsel was ineffective in failing to object to the break in the chain of custody of the truck impounded by the police; (4) whether counsel was ineffective in not moving for a mistrial at several different points throughout the proceedings; (5) whether counsel was ineffective in failing to investigate and present evidence that Williams' truck had been tampered with prior to the shooting so as to render it inoperable; and (6) whether counsel was ineffective in failing to object to inaccurate information in the PSI. Williams alleges that the matter should be remanded to the district court to address these claims. The State alleges that: (1) the district court properly dismissed all of Williams' claims; and (2) Idaho Rule of Civil Procedure 52(a) requires a party to raise a claim of error arising from lack of specific finding of facts or conclusions of law as to dismissed claims by a motion to the district court; therefore, Williams' failure to make such a motion waived his claim.

Williams' petition, filed pro se, contained twenty-two ineffective assistance of counsel claims. His first supplement added an additional ineffective assistance of counsel claim. The court then appointed counsel for Williams. Appointed counsel filed an objection to the motion for summary disposition and specifically argued sixteen claims of ineffective assistance of counsel. In the district court's first opinion, the court stated, "The State, in its motion, seeks summary disposition of all of Williams' claims for post-conviction relief. Williams has

10

responded to the motion with supporting argument and affidavit for the following claims only." The court then provided a specific ruling and explanation on the sixteen claims argued by Williams in his responsive brief. However, the district court ultimately dismissed all of the claims save the one upon which a hearing was held. Thus, each of the sixteen claims was dismissed. Any claim of error by failure to set forth more specific grounds for dismissal of the claims is precluded by Rule 52(a).

## III.

## CONCLUSION

Williams has failed to demonstrate ineffective assistance of counsel. Accordingly, we affirm the district court's judgment summarily dismissing the petition for post-conviction relief. Costs awarded to respondent.

Judge GUTIERREZ and Judge MELANSON **CONCUR.**