**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 40386**

| | | |
|---|---|---|
| JUAN CARLOS VALADEZ-PACHECO, | ) | 2014 Unpublished Opinion No. 378 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 18, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett; Robyn Fyffe, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Juan Carlos Valadez-Pacheco appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Valadez-Pacheco and a co-defendant with robbery and kidnapping. The co-defendant was convicted and roughly a week later Valadez-Pacheco pled guilty, pursuant to a plea agreement, to second degree kidnapping, Idaho Code §§ 18-4501, 18-4503 and 18-204. In exchange for his guilty plea, the State dismissed the robbery charge and in another case dismissed a charge of trafficking in methamphetamine. Valadez-Pacheco filed a direct appeal from his judgment of conviction and sentence, but moved to dismiss the appeal. Subsequently, Valadez-Pacheco filed a pro se petition for post-conviction relief. He was appointed counsel and filed an amended petition. The State moved for summary dismissal and after a hearing on the

1

State's motion, the court summarily dismissed Valadez-Pacheco's claims. Valadez-Pacheco timely appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the

most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925,

3

929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

## A.     Evidence Considered at the Motion to Dismiss Hearing

Valadez-Pacheco alleges the district court abused its discretion when it declined to consider a police report and forensic report at the hearing to summarily dismiss his petition. We need not determine if the district court erred because any error is harmless. The only evidence from the police report Valadez-Pacheco relies on to support his petition for post-conviction relief is that the report indicates the victim told police he sat in the front seat. The victim testified at trial, however, that he sat in the back seat. In its analysis, the district court expressly considered this contradiction not as substantive evidence, but as impeachment evidence. This is exactly how Valadez-Pacheco sought to use the evidence. He argues the evidence was necessary to show that the victim was not credible. The district court considered the portion of the police report that Valadez-Pacheco relies on, and he has failed to show any other information in the report that would have helped his petition. Moreover, Valadez-Pacheco was read the police report in Spanish prior to pleading guilty.

Valadez-Pacheco also asserts the court erred by not considering a forensic report that indicated his fingerprints were not on the gun. Valadez-Pacheco sought to have this evidence admitted to establish that his attorney failed to fully inform him of the State's evidence and that he would not have pled guilty if he knew of the report. However, the presentence investigation report disproves his contention. Valadez-Pacheco told the presentence investigator that the gun did not have his fingerprints on it. Thus, even if the district court would have considered the forensic report establishing there were no fingerprints on the gun, the record disproves that Valadez-Pacheco did not know about this information prior to pleading guilty.

## B.     Ineffective Assistance of Counsel

Valadez-Pacheco argues his attorney provided ineffective assistance of counsel at the change of plea hearing. The United States Supreme Court, addressing the issue of counsel's advice prior to a defendant's decision to plead guilty, has stated:

4

> [T]he decision to plead guilty before the evidence is in frequently involves the making of difficult judgments. All the pertinent facts normally cannot be known unless witnesses are examined and cross-examined in court. Even then the truth will often be in dispute. In the face of unavoidable uncertainty, the defendant and his counsel must make their best judgment as to the weight of the State's case. Counsel must predict how the facts, as he understands them, would be viewed by a court. If proved, would those facts convince a judge or jury of the defendant's guilt? . . . Questions like these cannot be answered with certitude; yet a decision to plead guilty must necessarily rest upon counsel's answers, uncertain as they may be. Waiving trial entails the inherent risk that the good-faith evaluations of a reasonably competent attorney will turn out to be mistaken either as to the facts or as to what a court's judgment might be on given facts.
>
> That a guilty plea must be intelligently made is not a requirement that all advice offered by the defendant's lawyer withstand retrospective examination in a post-conviction hearing.

*McMann v. Richardson*, 397 U.S. 759, 769-70 (1970). *See also Dunlap v. State*, 141 Idaho 50, 60-61, 106 P.3d 376, 386-87 (2004). A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

Valadez-Pacheco contends he would not have pled guilty had he known of the victim's conflicting testimony regarding where he was sitting during the kidnapping, that the victim and

another witness were not credible because they used methamphetamine, and that the gun did not have his fingerprints on it. The district court found that Valadez-Pacheco failed to establish a genuine issue of fact as to his claim that his attorney did not review this information with him. We agree. At the change of plea hearing, Valadez-Pacheco's trial counsel indicated he had sufficient time to discuss the case and ramifications with Valadez-Pacheco. The attorney indicated he fully discussed Valadez-Pacheco's rights, defenses and possible consequences of the guilty plea, and had undertaken the necessary discovery in the case. Valadez-Pacheco then answered that he agreed with what his trial counsel represented to the court. Further, the presentence investigation report showed that Valadez-Pacheco knew that the victim and witness were drug users and that he knew that his fingerprints were not on the gun. As to the evidence presented at Valadez-Pacheco's co-defendant's trial, Valadez-Pacheco is unable to establish that his trial counsel knew of this information. Valadez-Pacheco contends that it would be unreasonable for an attorney to allow a client to enter a guilty plea before having reviewed the transcript of a co-defendant's trial. However, evidence at the trial established that Valadez-Pacheco and the co-defendant had taken the victim against his will. The State's evidence would have differed little at Valadez-Pacheco's trial. Thus, it is not surprising that roughly a week after the co-defendant's trial Valadez-Pacheco accepted the State's plea agreement, which included the dismissal of two felony charges. Before the court accepted the guilty plea, Valadez-Pacheco confirmed he had fully discussed the case with his attorney and that he pled guilty of his own free will. Valadez-Pacheco has shown no deficiency in his counsel's performance.

Valadez-Pacheco also alleges he was constructively denied counsel because his attorney continued to pressure him to plead guilty despite Valadez-Pacheco's assertions that he was innocent. Valadez-Pacheco similarly argues that the plea was taken in violation of due process standards as evidenced by his expression of his innocence to the presentence investigator. The district court accepted the guilty plea after the court confirmed Valadez-Pacheco was not forced to plead guilty, that he pled guilty of his own free will, that he had discussed the case with his attorney and was aware of his rights, that his attorney informed him of the consequences of his guilty plea, and that he committed the elements of the crime. Although Valadez-Pacheco told his presentence investigator that he did not take part in the crime or point a gun at the victim, he again confirmed that he committed the crime at sentencing. The district court properly determined that the statements made under oath by Valadez-Pacheco belied his claim. Valadez-

6

Pacheco acknowledged that he was not forced to plead guilty, he pled guilty of his free will, he had discussed the case with counsel, he was aware of his rights, he was informed of the consequences, and he committed the crime. In fact, both before and after his contrary statements to the presentence investigator, Valadez-Pacheco admitted to a factual basis for the crime. The district court correctly determined the record disproved Valadez-Pacheco's claims that he was constructively denied counsel, his plea was involuntary, and that the plea was taken in violation of due process standards.

Valadez-Pacheco further alleges his attorney failed to inform him of potential immigration consequences of his guilty plea. In *Padilla v. Kentucky*, 559 U.S. 356, 369 (2010), the United States Supreme Court held that "when the deportation consequence is truly clear, as it was in [the case of a controlled substance conviction], the duty to give correct advice is equally clear." The district court concluded Valadez-Pacheco failed to present evidence that his deportation was related to his kidnapping conviction. The record established that the deportation arose from his previous removal from the United States that occurred in 2005 and that he faced deportation regardless of the kidnapping conviction. Valadez-Pacheco admits that the deportation would have occurred regardless of his kidnapping conviction, but argues that the new conviction would make some future illegal entry into the country punishable with enhanced penalties. This case does not fall under the rule in *Padilla.* Moreover, Valadez-Pacheco is unable to establish prejudice. At the change of plea hearing, the court informed Valadez-Pacheco that he could face immigration consequences. Valadez-Pacheco indicated he understood there could be consequences and with this understanding, he voluntarily pled guilty.

### III.

### CONCLUSION

The district court did not err by dismissing Valadez-Pacheco's petition for post-conviction relief. Therefore, the order summarily dismissing his petition for post-conviction relief is affirmed.

Judge MELANSON **CONCURS.**

Judge LANSING **CONCURS IN THE RESULT.**

7