**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41331**

| | | |
|---|---|---|
| TRAVIS L. WARD, | ) | 2014 Unpublished Opinion No. 739 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: September 26, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Cheri C. Copsey, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett; Deborah Whipple, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Chief Judge

Travis L. Ward appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. Specifically, Ward asserts he was entitled to an evidentiary hearing, having established a genuine issue of material fact as to whether defense counsel provided ineffective assistance by failing to object to the inclusion of his 1989 Psychosexual Evaluation in his Presentence Investigation Report for failing to register as a sex offender. For the reasons that follow, we affirm.

**I.**

**FACTS AND PROCEDURE**

This post-conviction relief action arises from Ward pleading guilty to failure to register as a sex offender. I.C. § 18-8309. The underlying sexual offense occurred in 1989.[1] Ward was

_____

[1]      The underlying sexual offense case for which registration was required involved a 1989 rape that Ward pleaded guilty to. The rape case was particularly disturbing because, at the age of eighteen, Ward raped an eighty-three-year-old disabled woman. At the time of the rape, Ward

1

sentenced to a unified term of ten years, with two years determinate. Ward appealed, challenging his sentence was excessive, and we affirmed in *State v. Ward*, Docket No. 38733 (Ct. App., Jan 12, 2012) (unpublished). Thereafter, Ward filed a petition for post-conviction relief asserting that trial and appellate counsel were ineffective and, as a result, his Fifth, Sixth, and Fourteenth Amendment rights to the United States Constitution were violated. Allegedly, these claims arose due to: (a) trial counsel failing to keep petitioner apprised of all aspects of his case or making counsel available during critical evaluations and possibly damaging or prejudicial phases of interviews or interrogations; (b) appellate counsel failing to advise petitioner of all conversations or correspondence with prosecutors so that petitioner could make a better, more informed, and intelligent decision; and (c) trial counsel failing to inform petitioner of his rights to remain silent or avoid possible prejudice by agreeing to the prosecution's request for a psychosexual evaluation. The State moved for summary disposition arguing, among other things, that Ward failed to advance a genuine issue of material fact because Ward failed to satisfy either prong of the standard for ineffective assistance of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). In Ward's "Memorandum in Opposition to the State's Motion for Summary Disposition," he limited his claim to the effect of an alleged constitutional violation for the inclusion of his 1989 Psychosexual Evaluation (PSE) in his Presentence Investigation Report (PSI) for failing to register as a sex offender, relying on *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006). In granting the State's motion for summary dismissal, the court dismissed Ward's claims that counsel failed to keep him apprised of the case, failed to be available during critical stages, and failed to request a new PSE as conclusory and unsubstantiated by fact or law. Thereafter, the court dismissed Ward's remaining *Estrada* claim for failing to advance a genuine issue of material fact sufficient to satisfy both prongs of *Strickland*. Ward appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642,

worked at the Good Samaritan Retirement Home where the female victim was a patient suffering from the advanced stages of Alzheimer's and exhibiting severe disorientation.

2

646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

3

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

4

### III.

### ANALYSIS

Ward raises three issues on appeal. First, he contends the district court's summary dismissal should be reversed because the court dismissed on grounds other than those argued by the State, and, therefore, he did not receive the notice required by Idaho Code section 19-4906(b).[2] Next, he argues that summary dismissal should be reversed because he raised a genuine issue of material fact that trial counsel was deficient for failing to object to the inclusion of his 1989 PSE in his PSI and that it was prejudicial. Finally, he asserts that summary dismissal should be reversed because the district court did not address his stand-alone Fifth and Fourteenth Amendment claims.

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011). The standards for evaluating ineffective assistance claims at sentencing parallel those at trial. *See Richman v. State*, 138 Idaho 190, 192-93, 59 P.3d 995, 997-98 (Ct. App. 2002).

---

[2] The district court dismissed Ward's claims on substantially similar grounds as those raised by the State. Ward did not object to insufficient notice in the district court and has not demonstrated that he received no notice. *See Kelly v. State*, 149 Idaho 517, 522, 236 P.3d 1277, 1282 (2010). Thus, we need not further address this issue.

As noted above, *Strickland* requires a showing of deficient performance and prejudice. Regarding deficient performance, Ward contends his attorney's representation fell below an objective standard of reasonableness because counsel failed to object to the inclusion of Ward's 1989 PSE in the PSI for Ward's failure to register as a convicted sex offender. Ward has cited no authority and our research has revealed none, which directly holds that an attorney falls below an objective standard of reasonableness when she fails to object to the inclusion of a previous PSE, which was allegedly taken in violation of the defendant's Fifth Amendment right against self-incrimination, in a subsequent PSI. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). However, even if we were persuaded, which we are not, that counsel's performance was deficient for failing to object to the inclusion of the 1989 PSE in the PSI for this case, Ward fails to satisfy the prejudice prong of *Strickland*, with regard to the PSE. In order to demonstrate prejudice in such a circumstance, a petitioner must show there is a reasonable probability that, absent the PSE, the outcome (sentence) would have been more favorable to the applicant. *Hughes v. State*, 148 Idaho 448, 464, 224 P.3d 515, 531 (Ct. App. 2009). A "reasonable probability" does not mean "more likely than not"; it means a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 693-94. In this regard, we have identified three factors to be considered when applying the *Strickland* prejudice prong in this context:

> The first factor is whether the content of the PSE itself is materially unfavorable. The PSE should be reviewed to determine the extent and harmful character of statements and admissions made by the applicant and the conclusions of the evaluator based upon those statements and admissions to determine the level of negativity, if any. If the PSE is not materially unfavorable, then the second prong of the *Strickland* standard has not been met. If the PSE is materially unfavorable to the applicant, the level of its negativity will then be weighed with two additional factors. The second factor is the extent of the sentencing court's reliance on the PSE if it can be demonstrated from the record. The third factor is the totality of the evidence before the sentencing court.

*Hughes*, 148 Idaho at 464, 224 P.3d at 531.

Here, the 1989 PSE contained an admission by Ward that he had sexual intercourse with the victim, but that he could not remember how it happened and did not have a clear recollection of it happening. However, Ward also made this admission to various other parties, including the PSI investigator, the responding police officer, and a nurse at the facility where the rape occurred, all of whom memorialized the admission in documents included in the record. The

6

1989 PSE indicated Ward had not grasped the seriousness of his crime. The PSE also explored, in detail, the terrible circumstances of his childhood, including abuse, and the possibility that he had fetal alcohol syndrome as the basis for his various behavior problems, brain development issues, and difficulty learning. The evaluator concluded that Ward "exhibits a high potential to re-offend" but was not likely to be "equipped to deal with a prison experience" and may be assisted by a treatment program. Overall, the PSE report contains no admissions by Ward that are not contained elsewhere in the record. In addition, the evaluator does not come to a highly-negative conclusion, but characterizes Ward's actions as being the result of a highly-traumatic childhood and recommends against a prison sentence. Thus, the report is not materially unfavorable.

However, even assuming it is unfavorable, the record also indicates little, if any, reliance by the district court on the 1989 PSE. In sentencing Ward, the court made a few passing references to having looked at "the psychological evaluations," but, while referencing other evaluations, never explicitly mentioned the 1989 PSE. Turning to the totality of the evidence presented to the sentencing court, we note that even without the 1989 PSE, the district court was provided with much of the same information (excepting that specifically regarding the rape) in several other psychological evaluations, two from when Ward was a child, and another from when he was adult. Also attached to the PSI was the 1990 Department of Correction recommendation that the court relinquish jurisdiction over Ward; which described his poor performance while on retained jurisdiction, including his inability to recognize the seriousness of his crime and the low likelihood that treatment and/or probation would prevent re-offense. The court also considered Ward's long criminal history, including the fact that after he was released on probation in 2009 he was charged with aggravated assault with a deadly weapon, false imprisonment, and domestic battery with regard to an incident with his wife. And although specifically recognizing Ward's difficult childhood, the court determined that his poor impulse control and anger issues, directed especially toward women, indicated he was a "significant danger for the community." The court surmised that Ward's failure to register made it difficult for the community to be protected and that probation was not appropriate in this case.

Having considered the extent and character of any admissions by Ward and any resulting conclusions by the evaluator, the extent of the sentencing court's reliance on the PSE, and the totality of the evidence before the court, we cannot say there is a reasonable probability that,

7

absent inclusion of the PSE in the PSI, Ward would have received a more favorable sentence. Ward cannot demonstrate prejudice in satisfaction of the second prong of the *Strickland* standard and therefore, the district court's dismissal of Ward's claim of ineffective assistance of counsel for counsel's failure to object to inclusion of the 1989 PSE in the PSI is affirmed.

Ward also asserts that the failure of counsel to object to the inclusion of his 1989 PSE in his PSI for failure to register as a sex offender should be analyzed not just as an instance of ineffective assistance of counsel under the Sixth Amendment, but also as a direct denial of his constitutional right under the Fifth Amendment. However, Ward did not advance this stand-alone Fifth Amendment claim in his "Memorandum in Support of Petition for Post-Conviction Relief" nor in his "Memorandum in Opposition to the State's Motion for Summary Disposition." The State correctly points out their abandonment. Generally, issues not raised below may not be considered for the first time on appeal. *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991). Even if we considered the existence of such a claim, no evidence supporting the claim was submitted by Ward. The district court dismissed Ward's claims in their entirety, which would include any such claims.

## IV.
## CONCLUSION

The district court did not err in summarily dismissing Ward's petition for post-conviction relief. Therefore, we affirm the district court's judgment summarily dismissing Ward's petition for post-conviction relief.

Judge GRATTON and Judge MELANSON **CONCUR.**

8