IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42996

| | | |
|---|---|---|
| MARK CORNELISON, | ) | 2016 Unpublished Opinion No. 438 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: March 18, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Mark Wayne Cornelison, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Mark Cornelison appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Cornelison pled guilty to operating a motor vehicle while under the influence of alcohol and admitted to being a persistent violator. Idaho Code §§ 18-8004, 18-8005(5), 18-8005(9). The district court sentenced Cornelison to a unified term of twenty years, with ten years determinate. Cornelison filed an Idaho Criminal Rule 35 motion for reduction of sentence, which the district court denied. He then appealed the court's denial of his Rule 35 motion, which was affirmed on appeal. In the meantime, Cornelison filed a petition for post-conviction relief, with a supporting affidavit, alleging ineffective assistance of counsel. Cornelison claimed that his counsel was ineffective for failing to file a motion to suppress, proceeding to sentencing with

1

incomplete information, and failing to argue his mental health issues at sentencing. The State responded with a motion for summary dismissal. Cornelison replied to the motion and the State filed a brief in response. After conducting a hearing, the district court summarily dismissed the petition. Cornelison timely appealed.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. I.C. § 19-4907; *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district

2

court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

On appeal, Cornelison asserts that his counsel was ineffective for failing to file a motion to suppress, proceeding to sentencing with incomplete information, and failing to argue his mental health issues at sentencing. A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Barcella v. State*, 148 Idaho 469, 477, 224 P.3d 536, 544 (Ct. App. 2009). To prevail on an ineffective assistance of counsel claim, the petitioner must show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). Where, as here, the petitioner was convicted upon a guilty plea, to satisfy the prejudice element, the petitioner must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pled guilty and would have insisted on going to trial. *Plant v. State*, 143 Idaho 758, 762, 152 P.3d 629, 633 (Ct. App. 2006). This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

## A. Motion to Suppress

Cornelison has failed to make a prima facie showing that his counsel was ineffective for failing to file a motion to suppress because the motion would not have been successful. In a post-conviction proceeding challenging an attorney's failure to pursue a motion in the underlying

criminal action, the district court may consider the probability of success of the motion in question in determining whether the attorney's inactivity constituted ineffective assistance. *Lint v. State*, 145 Idaho 472, 477, 180 P.3d 511, 516 (Ct. App. 2008). Where the alleged deficiency is counsel's failure to file a motion, a conclusion that the motion, if pursued, would not have been granted by the trial court, is generally determinative of both prongs of the *Strickland* test. *Lint*, 145 Idaho at 477-78, 180 P.3d at 516-17.

A blood alcohol evidentiary test was conducted on Cornelison after the traffic stop. Cornelison was on parole at the time of the stop. Cornelison's blood alcohol content was above the legal limit, and he was charged with felony driving under the influence. Cornelison contends that counsel should have filed a motion to suppress the results of the blood alcohol content test as a violation of his Fourth Amendment rights. Specifically, Cornelison asserts that even as a parolee, he was entitled to Fourth Amendment protections which he did not waive. Parolees and probationers possess a reduced expectation of privacy against government intrusion. *Samson v. California*, 547 U.S. 843, 852 (2006); *United States v. Knights*, 534 U.S. 112, 119-120 (2001); *State v. Cruz*, 144 Idaho 906, 908, 174 P.3d 876, 878 (Ct. App. 2007). The reduced expectation of privacy renders intrusions by government authorities reasonable when they would otherwise be unreasonable or invalid under a traditional application of constitutional analysis. *State v. Gawron*, 112 Idaho 841, 843, 736 P.2d 1295, 1297 (1987). The Supreme Court has explicitly held that "the Fourth Amendment does not prohibit a police officer from conducting a suspicionless search of a parolee." *Samson*, 547 U.S. at 857.

Pursuant to his parole agreement, Cornelison waived certain Fourth Amendment rights against unreasonable searches and seizures. Specifically, Cornelison agreed to "freely cooperate and voluntarily submit to medical and chemical tests and examinations for the purpose of determining if parolee is using, or under the influence of alcohol or narcotics." The medical and chemical tests described in Cornelison's parole agreement include blood alcohol content tests. Cornelison maintains that the blood test could only be conducted by "any agent of Field and Community Services," not law enforcement officers. That terminology, however, applied to a separate condition of his parole agreement where he waived his constitutional right to be free from searches of his person or property. Nonetheless, he asserts that if the parole agreement is read as a whole, the same limitation also applies to the separate testing provision. No such limitation applies to the testing provision of his parole agreement. Moreover, "[n]othing

precludes mutually beneficial cooperation between law enforcement officials and parole officers . . . ." *State v. Armstrong*, 158 Idaho 364, 370, 347 P.3d 1025, 1031 (Ct. App. 2015). Thus, even applying the "agent[s] of Field and Community Services" language, the test was appropriately conducted under the agreement waiver. Cornelison agreed to chemical testing in his parole agreement and cannot assert such testing violated his Fourth Amendment rights. Cornelison's counsel was, therefore, not ineffective for failing to file a motion to suppress because the motion would have been denied.[1]

## B. Mental Health Claim

Cornelison has failed to make a prima facie showing of ineffective assistance of counsel at sentencing because the district court received all relevant reports before sentencing and considered his mental health issues at sentencing. Cornelison asserts that his counsel was ineffective at his sentencing for failing to seek a continuance to present a report of a clinical social worker and for failing to "say anything about [his] mental health issues" at sentencing. "Allegations contained in the application are insufficient for the granting of relief when (1) they are clearly disproved by the record of the original proceedings, or (2) do not justify relief as a matter of law." *Workman v. State*, 144 Idaho 518, 523, 164 P.3d 798, 803 (2007).

Cornelison maintains that at sentencing the district court had the reports of two psychologists, but lacked the report of a clinical social worker. Specifically, Cornelison claims that the district court erroneously found that the report was received by the court before sentencing because he obtained a copy of the presentence investigative report stamped as received on November 25, 2013, and his sentencing was conducted on November 26, 2013. Yet the record clearly shows that the report was stamped and signed by the court clerk as received on November 21, 2013.[2] Next, Cornelison cannot prove prejudice due to his counsel's failure to

---

[1]     Cornelison also asserts his parole agreement was signed under coercion because he was told: "sign it or don't get out of prison." Our Court has previously rejected this argument. "Bowing to events, even if one is not happy about them, is not equivalent to being coerced." *Hoots v. Craven*, 146 Idaho 271, 276 n.2, 192 P.3d 1095, 1100 n.2 (Ct. App. 2008) (Defendant was not coerced when he was required, after being released on parole for ten months, to sign an agreement to abstain from alcohol or lose his parole.).

[2]     Cornelison maintains that the report was not obtained by the court until November 25, 2013, because he received a copy that was stamped as received on November 25, 2013. Our inquiry is when the report was received by the court, and the copy sent to the court was stamped and signed by the district court clerk as received on November 21, 2013.

argue his mental health issues at sentencing because the court did consider his mental health issues. The district court explained: "the Defendant's mental health status was but one of many factors considered by the Court in determining the proper sentence," and "concluded that the Defendant presents a substantial risk to the Twin Falls community." The district court's comments make clear that it did consider Cornelison's mental health, but regardless imposed the contested sentence because of community safety concerns. Cornelison cannot show prejudice and his arguments have been clearly disproven by the record; thus, he has failed to show ineffective assistance of counsel.

## III.

## CONCLUSION

Cornelison has failed to show that his counsel was ineffective for failing to pursue a motion to suppress, request a continuance so the court could receive an additional report, or argue his mental health at sentencing. Accordingly, we affirm the district court's summary dismissal of Cornelison's petition for post-conviction relief.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.